Teodoro Alejandro Gonzalez
CANSECO; Andelia Chavez
Arsi, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–70730.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Teodoro Alejandro Gonzalez Canseco, North Hollywood, CA, pro se.

Andelia Chavez Arsi, North Hollywood, CA, pro se.

CAC—District Counsel, Esq., Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq.,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Teodoro Alejandro Gonzalez Canseco and his wife Andelia Chavez Arsi, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the petitioners' challenge to the agency's decision to commence removal rather than deportation proceedings against them. *See* 8 U.S.C. § 1252(g); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002) (noting that this court lacks jurisdiction "to review the timing of the Attorney General's decision to commence proceedings.") (internal citations and quotation marks omitted).

The petitioners' due process claim is foreclosed by *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir.2003) (holding that placing aliens in removal, rather than

** This disposition is not appropriate for publication and may not be cited to or by the

deportation, proceedings does not by itself amount to a due process violation).

The petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' "). Petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying interest).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**